In the Matter of the Claim of ANNA NORWOOD, Respondent, v. ICON DISPLAY INDUSTRIES, Employer, and COSMOPOLITAN MUTUAL INSURANCE COMPANY, Appellant; UNINSURED EMPLOYERS' FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed April 2, 1970, which found ineffective an attempted cancellation of a compensation policy by the appellant carrier. Decedent, employed by the employer corporation, suffered a compensable injury on December 5, 1967, and died on December 6, 1967. Appellant, Cosmopolitan Mutual Insurance Company, had issued a policy covering the employer for one year effective April 12, 1967. It would, therefore, be liable for benefits payable to decedent's mother as a result of the December 5, 1967 accident, unless the policy was effectively canceled. The policy dated April 12, 1967 was typed on April 19, 1967 and sent to the broker. On April 26, 1967 the policy was returned to the carrier bearing the notation "Please cancel — assured's check came back". On May 2, 1967 the policy was stamped with a cancellation date of April 12, 1967. By letter dated May 5, 1967 the carrier notified the insured that the policy was being canceled effective May 16, 1967. This letter was received on May 8, 1967. On May 5, 1967 the carrier also mailed a notice of cancellation to the Chairman of the Workmen's Compensation Board which was received on May 8, 1967. This notice indicated the effective date of cancellation to be April 12, 1967. This notice stated the reason for cancellation to be "canc. flat on books". The board found that the attempted cancellation was ineffective as not being in accordance with the statute. The carrier now contends that the board erred in its finding and that, in any event, the only issue is whether or not there was in existence an insurance contract at the time of the accident. The basis of this latter contention is that a proposed policy of insurance was sent to the employer which returned the policy indicating it did not want the policy. This contention finds no support in the record. The clear implication from the notation on the policy is that the request for cancellation was made by the broker for nonpayment of premiums when the employer's check was returned unpaid by the employer's bank. Nothing in this record supports any other conclusion. (Cf. *Matter of Vicari v. Rialto Fruit Shop*, 32 A D 2d 679.) Subdivision 5 of section 54 of the Workmen's Compensation Law provides that: "No contract of insurance * * * shall be cancelled within the time limited in such contract for its expiration until at least ten days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the chairman and also served on the employer". On this record we find no compliance with this statute. The notice mailed to the chairman of the board bears a retroactive cancellation date and the notice sent to the employer bears a future cancellation date not in compliance with the 10 day requirement. There is also no authorization in the statute for the mailing of notices bearing different cancellation dates. "It is fundamental law that the statutory requirements for the cancellation of workmen's compensation insurance coverage must be strictly complied with." (*Matter of Conklin v. Byram House Rest.*, 32 A D 2d 582, 583.) "Respondent's notice, by purporting to cancel its policy at a date prior to the

tenth day after filing and service gave neither the employer nor the board notice of the time at which a legal termination of coverage would take effect and therefore violated the provisions of the statute." (*Matter of Fromer* v. *John St. Serv. Center,* 34 A D 2d 1081, 1082.) The attempted cancellation of the policy was, therefore, a nullity. Decision affirmed, with costs to the Uninsured Employers' Fund. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Sweeney, JJ.